Michael Zoldan; AZ Bar No. 028128
Jason Barrat; AZ Bar No. 029086
**ZOLDAN LAW GROUP, PLLC**
14500 N. Northsight Blvd., Suite 133
Scottsdale, AZ 85260
Tel & Fax: 480.442.3410
mzoldan@zoldangroup.com
jbarrat@zoldangroup.com

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| **Aldo Serna,** an Arizona resident;<br><br>Plaintiff,<br><br>v.<br><br>**Arizona Lighting LLC**, an Arizona company; **Candice Arnett,** an Arizona resident; and **Jeff Arnett,** an Arizona resident;<br><br>Defendants. | Case No.<br><br><br>**VERIFIED COMPLAINT**<br><br><br>**(Jury Trial Requested)** |

Plaintiff Aldo Serna, for his Verified Complaint against Defendants, hereby allege as follows:

**NATURE OF THE CASE**

1.  Plaintiff brings this action against Defendants for their unlawful failure to pay minimum wage in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (hereinafter "**FLSA**"); A.R.S. §§ 23-362 - 23-364 ("**Arizona Minimum Wage Statute**"); and failure to make timely payment of wages under the Arizona Wage Statute, A.R.S. §§ 23-350 – 23-355 ("**Arizona Wage Statute**").

2.  This action is also brought to recover minimum wage compensation,

liquidated or double damages, and statutory penalties resulting from Defendants' violations of the FLSA and Arizona Minimum Wage Statute.

3. This action is also brought to recover unpaid wages, treble damages, and statutory penalties resulting from Defendants' violations of the Arizona Wage Statute.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5. Plaintiff's state law claims are sufficiently related to his federal claims that it forms the same case or controversy. This Court therefore has supplemental jurisdiction over Plaintiff's claims under the Arizona Minimum Wage Statute and the Arizona Wage Statute pursuant to 28 U.S.C. § 1367.

6. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because all or a substantial part of the acts or omissions giving rise to the claims occurred in the state of Arizona.

7. Plaintiff was employed by Defendants in this District.

## PARTIES

8. At all relevant times to the matters alleged herein, Plaintiff resided in the District of Arizona.

9. Plaintiff was a full-time employee of Defendants from on or around June 11, 2018 until on or around June 5, 2019.

10. At all relevant times, Plaintiff was an employee of Defendants as defined by 29 U.S.C. § 203(e)(1).

11. At all relevant times, Plaintiff was an employee of Defendants as defined by

A.R.S. § 23-362(A).

12. At all relevant times, Plaintiff was an employee of Defendants as defined by A.R.S. § 23-350(2).

13. Defendant Arizona Lighting LLC is a company authorized to do business in Arizona.

14. Defendant Arizona Lighting LLC was Plaintiff's employer as defined by 29 U.S.C. § 203(d).

15. Defendant Arizona Lighting LLC was Plaintiff's employer as defined by A.R.S. § 23-362(B).

16. Defendant Arizona Lighting LLC was Plaintiff's employer as defined by A.R.S. § 23-350(3).

17. Defendant Candice Arnett is an Arizona resident.

18. Defendant Candice Arnett has directly caused events to take place giving rise to this action.

19. Defendant Candice Arnett is the owner of Arizona Lighting LLC.

20. Defendant Candice Arnett is a member of Arizona Lighting LLC.

21. Defendant Candice Arnett is an employer of Arizona Lighting LLC.

22. Defendant Candice Arnett has been at all relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(d).

23. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. Therefore, under the FLSA, Defendant Candice Arnett is an employer.

24. Defendant Candice Arnett has been at all relevant times Plaintiff's employer

as defined by A.R.S. § 23-362(B).

25. Defendant Candice Arnett has been at all relevant times Plaintiff's employer as defined by A.R.S. § 23-350(3).

26. Defendant Candice Arnett had the authority to hire and fire employees.

27. Defendant Candice Arnett had the authority to hire and fire Plaintiff.

28. On or about June 5, 2019, Defendant Candice Arnett fired Plaintiff.

29. Defendant Candice Arnett supervised and controlled Plaintiff's work schedules or the conditions of Plaintiff's employment.

30. Defendant Candice Arnett determined the rate and method of Plaintiff's payment of wages.

31. Defendant Candice Arnett maintained employment records in connection with Plaintiff's employment.

32. As a person who acted in the interest of the previously identified corporate entity in relation to the company's employees, Defendant Candice Arnett is subject to individual and personal liability under the FLSA.

33. Defendant Jeff Arnett is an Arizona resident.

34. Defendant Jeff Arnett has directly caused events to take place giving rise to this action.

35. Defendant Jeff Arnett is the owner of Arizona Lighting LLC.

36. Defendant Jeff Arnett is a member of Arizona Lighting LLC.

37. Defendant Jeff Arnett is an employer of Arizona Lighting LLC.

38. Defendant Jeff Arnett has been at all relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(d).

39. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. Therefore, under the FLSA, Defendant Jeff Arnett is an employer.

40. Defendant Jeff Arnett has been at all relevant times Plaintiff's employer as defined by A.R.S. § 23-362(B).

41. Defendant Jeff Arnett has been at all relevant times Plaintiff's employer as defined by A.R.S. § 23-350(3).

42. Defendant Jeff Arnett had the authority to hire and fire employees.

43. Defendant Jeff Arnett had the authority to hire and fire Plaintiff.

44. On or about June 11, 2018, Defendant Jeff Arnett hired Plaintiff.

45. On or about June 5, 2019, Defendant Jeff Arnett fired Plaintiff.

46. Defendant Jeff Arnett supervised and controlled Plaintiff's work schedules or the conditions of Plaintiff's employment.

47. Defendant Jeff Arnett determined the rate and method of Plaintiff's payment of wages.

48. Defendant Jeff Arnett maintained employment records in connection with Plaintiff's employment.

49. As a person who acted in the interest of the previously identified corporate entity in relation to the company's employees, Defendant Jeff Arnett is subject to individual and personal liability under the FLSA.

50. Plaintiff is further informed, believes, and thereon alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

51. Defendant Jeff Arnett and Defendant Candice Arnett are husband and wife.

52. Defendant Jeff Arnett and Defendant Candice Arnett have caused events to take place giving rise to this action as to which their marital community is fully liable.

53. Under the principle of marital community property, all actions by one individual is imputed on the marital community property.

54. Defendants, and each of them, are sued in both their individual and corporate capacities.

55. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

56. Plaintiff has a reasonable good faith belief that in his work for Defendants, he was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2018.

57. Plaintiff has a reasonable good faith belief that in his work for Defendants, he was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2019.

58. At all relevant times, Plaintiff, in his work for Defendants, was engaged in commerce or the production of goods for commerce.

59. At all relevant times, Plaintiff, in his work for Defendants, was engaged in interstate commerce.

60. At all relevant times, Plaintiff, in his work for Defendants, regularly used instrumentalities of interstate commerce.

61. Plaintiff, in his work for Defendants, regularly handled goods produced and transported in interstate commerce.

62. Plaintiff is a covered employee under individual coverage.

63. Plaintiff is a covered employee under enterprise coverage.

## FACTUAL ALLEGATIONS

64. Defendants, together, are a wholesale lighting fixture company.

65. On or around June 11, 2018, Plaintiff commenced employment with Defendants as an office administrator.

66. Plaintiff's primary job duties included ensuring that office operations ran smoothly on a day to day basis.

67. From on or around June 11, 2018 until on or around June 5, 2019, Plaintiff was a non-exempt employee paid at the rate of $14.00 per hour.

68. Plaintiff worked a total of approximately 35-40 hours per week for Defendants.

69. Plaintiff was not properly compensated all his wages during his employment with Defendants.

70. For example, for the month of April 2019, Plaintiff estimates that he is owed approximately $959.38 in unpaid hours worked.

71. In addition, Plaintiff did not receive his last paychecks for work he performed.

72. After Plaintiff was terminated, Plaintiff did not receive his owed wages during the next regular payday.

73. Because Plaintiff did not receive his last paychecks, he received $0.00 per hour which is below the federal and state minimum wage requirements.

74. Defendants refused and/or failed to properly disclose or apprise Plaintiff of

his rights under the FLSA.

75. Defendants failed to post and keep posted in a conspicuous place the required poster / notice explaining their employee's rights under the FLSA pursuant to 29 C.F.R. § 516.4.

76. Defendants' failure and/or refusal to compensate Plaintiff at the rates and amounts required by the FLSA were willful.

## COUNT I
### (FAILURE TO PAY MINIMUM WAGE – FLSA – 29 U.S.C. § 206)

77. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

78. At all relevant times, Plaintiff was employed by Defendants within the meaning of the FLSA.

79. Plaintiff is an employee entitled to the statutorily mandated minimum wage.

80. Defendants have intentionally failed and/or refused to pay Plaintiff minimum wage according to the provisions of the FLSA.

81. As a direct result of Defendants' violations of the FLSA, Plaintiff has suffered damages by not receiving proper compensation in accordance with 29 U.S.C.§ 206.

82. In addition to the amount of unpaid minimum wage owed to Plaintiff, he is entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

83. Defendants' actions in failing to properly compensate Plaintiff, in violation of the FLSA, were willful.

84. Defendants knew Plaintiff was not being compensated properly for time

worked and failed to pay proper minimum wages.

85. Defendants knew their failure to pay minimum wage was a violation of the FLSA.

86. Defendants have not made a good faith effort to comply with the FLSA.

87. Plaintiff is also entitled to an award of attorneys' fees and other statutory damages pursuant to 29 U.S.C. § 216(b).

## COUNT II
## (FAILURE TO PAY MINIMUM WAGE – ARIZONA MINIMUM WAGE STATUTE)

88. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

89. At all relevant times, Plaintiff was employed by Defendants within the meaning of the Arizona Minimum Wage Statute.

90. Defendants intentionally failed and/or refused to pay Plaintiff minimum wage according to the provisions of the Arizona Minimum Wage Statute.

91. In addition to the amount of unpaid minimum wage owed to Plaintiff, he is entitled to recover an additional amount equal to twice the underpaid wages and interest pursuant to A.R.S. § 23-364(g).

92. Plaintiff is also entitled to an award of attorneys' fees and costs pursuant to A.R.S. § 23-364(g).

## COUNT III
## (FAILURE TO TIMELY PAY WAGES DUE – ARIZONA WAGE STATUTE)

93. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

94. At all relevant times, Plaintiff was employed by Defendants within the

meaning of the Arizona Wage Statute.

95. Defendants were aware of their obligation to pay timely wages pursuant to A.R.S. § 23-351.

96. Defendants were aware that, under A.R.S. § 23-353, they were obligated to pay all wages due to Plaintiff.

97. Defendants failed to timely pay Plaintiff his wages due without a good faith basis for withholding the wages.

98. Defendants have willfully failed and refused to timely pay wages due to Plaintiff.

99. As a result of Defendants' unlawful acts, Plaintiff is entitled to the statutory remedies provided pursuant to A.R.S. § 23-355.

## **CONCLUSION AND PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays:

A. For the Court to declare and find that the Defendants committed one or more of the following acts:

  i. violated minimum wage provisions of the FLSA, 29 U.S.C. § 206, by failing to pay minimum wages;

  ii. willfully violated minimum wage provisions of the FLSA, 29 U.S.C. § 206;

  iii. violated minimum wage provisions of the Arizona Minimum Wage Statute, by failing to pay minimum wages;

  iv. willfully violated minimum wage provisions of the Arizona Minimum Wage Statute;

    v. willfully violated the Arizona Wage Statute by failing to timely pay all wages due to Plaintiff;

B. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), A.R.S. § 23-364(g), and/or treble damages pursuant to A.R.S. § 23-355, to be determined at trial;

C. For the Court to award interest on all wage compensation due accruing from the date such amounts were due under all causes of action set forth herein;

D. For the Court to award such other monetary, injunctive, equitable, and declaratory relief as the Court deems just and proper;

E. For the Court to award Plaintiff reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b) and A.R.S. § 23-364(g) and all other causes of action set forth herein;

F. Any other remedies or judgments deemed just and equitable by this Court.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

    RESPECTFULLY SUBMITTED February 10, 2020.

        **ZOLDAN LAW GROUP, PLLC**

        By: /s/ Jason Barrat
          14500 N. Northsight Blvd. Suite 133
          Scottsdale, AZ 85260
          Attorneys for Plaintiff

**VERIFICATION**

Plaintiff Aldo Serna declares under penalty of perjury that he has read the foregoing Verified Complaint and is familiar with the contents thereof. The matters asserted therein are true and based on his personal knowledge, except as to those matters stated upon information and belief, and as to those matters, he believes them to be true.

_____
Aldo Serna