**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Aldo Serna,<br><br>    Plaintiff,<br><br>v.<br><br>Arizona Lighting LLC, et al.,<br><br>    Defendants. | No. CV-20-00313-PHX-GMS<br><br>**ORDER** |

Pending before the Court is Plaintiff Aldo Serna ("Plaintiff")'s Motion to Strike Affirmative Defenses 1-21. (Doc. 11.) The Motion is granted in part and denied in part.

## BACKGROUND

On February 10, 2020, Plaintiff filed a complaint alleging that, during his time as a full-time employee of Defendants Arizona Lighting LLC and Candice and Jeff Arnett (collectively "Defendants") from on or around June 11, 2018 until on or around June 5, 2019, Defendants violated his wage rights under 29 U.S.C. §§ 201-219, A.R.S. §§ 23-362–23-364, and A.R.S. §§ 23-350–23-355. On March 27, 2020, Defendants filed their answer to Plaintiff's complaint and alleged twenty-one affirmative defenses. This Motion to Strike followed on April 6, 2020.

## DISCUSSION

**I.    Legal Standard**

"In responding to a pleading, a party must affirmatively state any . . . affirmative defense." Fed. R. Civ. P. 8. An affirmative defense is a "defense . . . that precludes liability

even if the plaintiff proves all the elements of his claim." *Martinez v. Alltran Fin. LP*, No. CV-18-04815-PHX-DLR, 2019 WL 1777300, at *2 (D. Ariz. 2019). A court may strike from such a pleading "any insufficient defense." Fed. R. Civ. P. 12. "The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense," *Wyshak v. City Nat'l Bank,* 607 F.2d 824, 827 (9th Cir. 1979); however, "the pleading standards for complaints announced in *Bell Atlantic Corporation v. Twombly*, 550 U.S. 554 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) . . . do not apply in [the] context [of affirmative defenses]," *Martinez*, 2019 WL 1777300, at *2. As such, a defendant "need not support its affirmative defenses with factual allegations." *Id.*

**II.   Analysis**

As an initial matter, Defendants did not respond to Plaintiff's Motion as it relates to affirmative defenses one through three, eight, and fourteen. The Motion is meritorious. The Motion is accordingly granted as to those defenses. *See* LRCiv 7.2(i) ("If a motion does not conform in all substantial respects with the requirements of this Local Rule, or if the unrepresented party or counsel does not serve and file the required answering memoranda . . . such non-compliance may be deemed a consent to the denial or granting of the motion.").

As to affirmative defenses four, five, six, seven, twelve, fifteen, and twenty, which Defendants did address, Plaintiff first argues that he has not been provided adequate notice of the basis for the affirmative defense. But "Defendant[s] need not support [their] affirmative defenses with factual allegations; Rule 8(c) requires only that the pleading party 'affirmatively state any avoidance or affirmative defenses,' which Defendant[s have] done here." *Martinez*, 2019 WL 1777300, at *2. Alternatively, Plaintiff argues that the remaining defenses are not legally viable. "A motion to strike is an inappropriate vehicle to litigate the merits of a defense," as "[d]iscovery will help refine the basis of the parties' claims and defenses, thereby allowing the Court to more knowledgeably address the . . . issue if it remains active after factual development." *Id.* The Motion is denied as to these defenses.

/ / /

Regarding the remaining defenses—nine, ten, eleven, thirteen, sixteen, seventeen, eighteen, nineteen, and twenty-one—Plaintiff asserts that Defendants improperly labeled these negative defenses as affirmative defenses. "A defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense." *Zikovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002). "Such a defense is merely rebuttal against the evidence presented by the plaintiff." *Martinez*, 2019 WL 1777300, at *2 (quoting *Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1173–74 (N.D. Cal. 2010)). Defenses nine, ten, eleven, sixteen, seventeen, eighteen, nineteen, and twenty-one—which for various reasons deny that Plaintiff has suffered an injury or incurred damages, deny that Defendants caused such injuries or damages, or deny that Plaintiff will be able to prove the elements of his claims or will be able to recover damages—are not affirmative defenses. Instead, they merely challenge the sufficiency of Plaintiff's complaint. The Motion is accordingly granted as to these defenses. However, defense thirteen, spoliation of evidence, is not simply a rebuttal challenging the sufficiency of Plaintiff's evidence; it is an affirmative defense. *See Craten v. Foster Poultry Farms Inc.*, No. CV-15-02587-PHX-DLR, 2016 WL 3457899, at *3 (D. Ariz. June 24, 2016) (referring to spoliation of evidence as an affirmative defense). The Motion is thus denied as to defense thirteen.

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Strike Affirmative Defenses 1-21 (Doc. 11) is **GRANTED IN PART** and **DENIED IN PART**. The Court will strike defenses one, two, three, eight, nine, ten, eleven, fourteen, sixteen, seventeen, eighteen, nineteen, and twenty-one. The Motion is denied as to defenses four, five, six, seven, twelve, thirteen, fifteen, and twenty.

Dated this 30th day of July, 2020.

_G. Murray Snow_
G. Murray Snow
Chief United States District Judge